**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BALJIT SINGH,

               Petitioner-Appellant,

  v.

PATRICK COVELLO, Warden,

               Respondent-Appellee.

No.   20-17357

D.C. No.
2:16-cv-02517-KJM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted November 17, 2021
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and KORMAN,[**] District
Judge.

California state prisoner Baljit Singh appeals from the district court's denial

of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under § 2253, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Singh was sentenced to sixteen years to life in prison following his 2011 conviction for the second-degree murder of his wife.  Because Singh pursued an insanity defense, his trial was bifurcated into a guilt phase and a subsequent sanity phase, pursuant to California law.  *See* Cal. Penal Code § 1026(a).  Prior to the guilt phase of trial, two court-appointed mental health experts examined Singh and concluded that he suffered from mental illness and that that illness rendered him legally insane at the time of the murder.  While the latter testimony about his sanity would not have been admissible at the guilt phase, Singh argues that his attorney's decision not to have these experts at the guilt phase testify about his mental illness apart from his sanity constituted deficient performance.

After the jury found Singh guilty of second-degree murder and the California Court of Appeal upheld the conviction.[1]  Singh sought postconviction relief in state court, contending that his trial counsel's decision not to introduce the favorable expert testimony at the guilt phase—either to negate malice or intent to kill or to support a lesser-included manslaughter offense—rendered her assistance constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).  The California Supreme Court summarily denied relief.  Singh then petitioned for

---

[1] Singh continued his direct appeal by petitioning for review in the California Supreme Court, but the court denied Singh's petition, and Singh never filed a petition for a writ of certiorari in the United States Supreme Court, so the judgment became final.

federal habeas relief on this same ineffective assistance of counsel theory. A magistrate judge recommended that his petition be denied, and the district court adopted the recommendation, while issuing a certificate of appealability. We review the petition de novo. *Doody v. Ryan*, 649 F.3d 986, 1001 (9th Cir. 2011) (en banc).

A *Strickland* ineffective assistance of counsel claim has two components. "First, the defendant must show that counsel's performance was deficient," and "[s]econd, the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Singh's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and may not be granted unless the state court's adjudication resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

The California Supreme Court would not have been unreasonable in concluding that Singh did not demonstrate prejudice.[2] Singh failed to articulate

---

[2] Singh alleges that the standard of review for prejudice is *de novo*, but that is incorrect. In the cases Singh cites for support, the state courts considered either the deficiency or prejudice prong in a reasoned opinion and declined to reach the other *Strickland* prong. *See Porter v. McCollum*, 558 U.S. 30, 37 (2009) (per curiam); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005); *Wiggins v. Smith*, 539 U.S. 510, 518 (2003); *Miles v. Ryan*, 713 F.3d 477, 486-87 (9th Cir. 2013). When a

3

any concrete theory regarding how the expert testimony, or other evidence related to his mental health, could have been used at the guilt phase to change the result of that proceeding. In particular, Singh did not contextualize the expert testimony in a manner that makes clear its admissibility. Indeed, in his briefing, he relies on expert testimony that he suffered from a schizoaffective disorder without in any way explaining how that related to the elements of the guilt phase. Moreover, he has not explained what other mental health evidence he might have offered that would have been admissible at the guilt phase. *See People v. Elmore*, 325 P.3d 951, 965-66 (Cal. 2014); *People v. McGehee*, 201 Cal. Rptr. 3d 714, 729-30 (Cal. App. 2016).

And even assuming the expert testimony's admissibility at the guilt phase, it is not clear that introducing the testimony would have made a difference. The Supreme Court has held that, "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice," *Strickland*, 466 U.S. at 693. Singh failed to meet that requirement. Specifically, in the sanity phase, the jury considered the testimony that Singh argues should have been introduced at the guilt phase. But

---

state court summarily rejects a claim without a reasoned opinion, as it did here, the federal habeas court must determine the arguments or theories that *could have* supported the state court's decision and then must evaluate those arguments under AEDPA. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011).

the jury rejected the experts' opinions that Singh was insane at the time of the murder. Thus, it would not be unreasonable for the California Supreme Court to have concluded that there was not "a reasonable probability that . . . the result of the proceeding would have been different" if the testimony had been introduced at the guilt phase. *Id.* at 694.

**AFFIRMED.**